IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JODY JOHNSON, et al.,

      Plaintiffs,

vs.                             Civ. No. 99-348 MV/WWD ACE

CITY OF HOBBS, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiffs' Motion to Compel filed March 10, 2000 [docket #63]. The request for documents and interrogatories at issue were supposed to have been attached to the motion as Plaintiff's Exhibits 1 and 2; however, the exhibits apparently were not attached either to the original or to the copy sent to the undersigned. Nevertheless, in their memorandum in support of the motion, Plaintiffs set out interrogatory no. 17 and the response thereto as well as requests for production nos. 34, 35, and 68, and the responses thereto.

Interrogatory no. 17 reads as follows:

> State whether any Defendant has used the word "nigger" or any other racially derogatory term at any time since January 1, 1989 and, if so, for each such Defendant further state the date and describe the circumstances in which that term was used.

Defendants' response to interrogatory no. 17 is as follows:

> Defendant's [sic] object to this interrogatory as it is vague, over broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

I find that the objections made by Defendants to interrogatory no. 17 are well taken.

-1-

Request for production no. 34 reads as follows:

> The personnel files of each Defendant.

Request for production no. 35 reads as follows:

> The job application submitted by each Defendant and any and all documents relating to any tests taken, interviews given, polygraph exams taken, background checks, psychological examinations and every other aspect of the selection process.

Defendants' identical objection to each of the aforementioned requests is as follows:

> This request is over broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further, portions of the files are privileged (government privilege) and violate the privacy rights of the Defendants.

Request for production no. 68 reads as follows:

> Any and all documents relating to any investigation by the Hobbs Police Department into the shooting and killing of Leroy Henderson by Defendant Knott.

The response to request no. 68 is as follows:

> This request is not reasonably calculated to lead to the discovery of admissible evidence. The information requested is also protected by governmental privilege and privacy.

While I am not particularly taken by the objections to request for production no. 68, I find that the connection between the material sought and the present law suit is attenuated and remote and I will deny the sought production.

On or before May 5, 2000, requests for production nos. 34 and 35 should be produced in their entirety to the Court for an *in camera* inspection. To facilitate this inspection each page of the copy of records, etc. submitted to the Court shall be Bates stamped sequentially so that pages may be referred to by number. A privilege log shall be served on opposing counsel and shall

accompany the records, etc.  The log shall set out in tabular form the name of the document, the Bates page numbers for the document, the privilege being asserted, the date of the document (if any), and any other identifying information counsel feels should be included (for example, the author of a document written by an attorney).  After the *in camera* inspection, I will enter an order directing that certain numbered pages be produced.  Any question regarding the assessment of any sanction in connection with this motion and the Order granting it shall be reserved until after the *in camera* inspection.

Discovery shall proceed in accordance with the forgoing.

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE