## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JODY JOHNSON, JESSICA HECKARD,
a minor, and JUSTIN HECKARD, a minor,
by and through JODY JOHNSON, their mother
and next friend, LAMOND ALEXANDER,
RAYMOND MCGAHA, ROBERT WARD,
and ROSSLEE MACKEY, SR., on behalf of themselves
and all persons similarly situated,

       Plaintiffs,

vs.                                    No. CIV 99-0348 MV/WWD-ACE

CITY OF HOBBS, a municipality, WILLIAM
MORRILL, TONY KNOTT, DANNY CARTER,
JAMES MURPHY, D.L. KELLEY, MARK RHOADS,
MATT RHOADS, SEAN BATES, MARK CONGER,
BOB COOLEY, MARK HERRERA, CHRIS LYLE,
KENNETH RAGLAND, MARK FRITTS, PETE FARMER,
ROBERT WATTS, ROBERT WEAVER, DON GRAHAM,
MICHAEL MANN, LAURA WALL, JEFF WORTH,
ORIN TUBBS, DUSTY WILSON, GEORGE RIVERA,
COREY HELTON, STAN DURHAM, MICHAEL RICHARDSON,
RANDY PELL, DAVID LESTER, PAUL J. CAMPOS,
STEVEN DARRIK LASATER, individually and in their official capacities,

       Defendants.

## MEMORANDUM OPINION AND ORDER

       This matter comes before the Court on the parties' Amended Joint Motion for Approval

of Notice to Class as Required by Rule 23(e), filed May 25, 2001 **[Doc. No. 114]**.  The Court,

having considered the motion and relevant law, and being otherwise fully advised, finds that the

motion is well-taken and will be **GRANTED**.

## BACKGROUND

On March 29, 1999, Plaintiffs filed this action on behalf of themselves and all persons similarly situated, alleging that Defendants violated their right to be free from unreasonable and excessive searches, arrests and uses of force and that Defendants discriminated against them on account of their race.  The parties have reached a settlement of all claims, both as to the individually named Plaintiffs and as to the class.

The parties agree that this is a Rule 23(b)(2) class action, meaning that the "party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."  Fed. R. Civ. P. 23(b)(2).  The parties agree that Plaintiffs have not sought, and will not receive, monetary damages.

On May 9, 2001, the parties filed a Joint Motion for Approval of Notice of Class, which the Court denied because the proposed notice was inadequate in that it failed to inform class members of the binding nature of the settlement.  In addition, the Court found that the parties had failed to receive court approval prior to publishing their proposed notice, in contravention of Fed. R. Civ. P. 23(e).  The parties have now filed an Amended Joint Motion seeking Court approval of their amended proposed notice.  The parties have also submitted an amended Explanation of Proposed Settlement and an amendment to the Stipulated Agreement itself.

## DISCUSSION

The Federal Rules of Civil Procedure mandate that a class action not be settled without the approval of the Court and that notice of the proposed settlement "be given to all members of the class in such manner as the court directs."  Fed. R. Civ. P. 23(e).  Therefore, prior to

2

publishing a proposed notice of a class action settlement, the parties are required to seek, and receive, Court approval.

A judgment in a properly entertained class action is binding on class members in any subsequent litigation.  5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 23.11 (3d ed. 2000).  Due process requires that members of (b)(2) classes be adequately represented, but does not require an opportunity to opt out.  *See Dosier v. Miami Valley Broadcasting Corp.*, 656 F.2d 1295, 1299 (9th Cir. 1981).  Therefore, members of Rule 23(b)(2) classes in actions seeking purely injunctive relief do not have an opportunity to opt out and will be bound by the terms of the settlement.  *See Stewart v. Rubin*, 948 F.Supp. 1077, 1089-90 (D.D.C. 1996); *see also Williams v. Lane*, 129 F.R.D. 636, 640 (N.D. Ill. 1990).  The Court finds that members of the Plaintiff class are entitled to be notified of the *res judicata* effect that the Court's approval of a settlement agreement will have on subsequent actions brought by class members.

As noted above, the Court denied the parties' first Joint Motion for Approval of Notice because the proposed notice failed to inform class members of the binding nature of the settlement.  The parties have now amended their proposed notice to include, in bold type, the following paragraph:

> **If the Stipulated Agreement is approved by the Court, the HPD and all class members will be bound by its terms, and no class member will be able to sue HPD for injunctive relief for any conduct which occurred on or before June 10, 2001 and which was covered by the claims made by Plaintiffs in this case. This settlement will have no effect whatsoever as to any rights that any class member may have to sue HPD for money damages for any conduct that occurred before or after June 10, 2001.**

The Court finds that the amended notice, containing the above-cited paragraph, sufficiently notifies the class members of the binding nature of the settlement.

3

A notice of a proposed settlement usually informs class members of the time and place of the fairness hearing, advises class members how to register any objections, and contains a copy of the proposed settlement agreement or a summary of its terms. *See Dillard v. City of Foley*, 926 F.Supp. 1053, 1059 (M.D. Ala. 1995). The notice need not include all the details of the agreement, but must "fairly apprise" members of the terms of the settlement. *See Gottlieb v. Wiles*, 11 F.3d 1004, 1013 (10th Cir. 1993). Individual notice is not mandated by the rules; publication in a newspaper may be sufficient. *See id.*

The parties propose to notify the class by publishing their proposed notice in the local daily newspaper from June 1, 2001 through June 20, 2001. This notice will inform the public of the existence of the action, the definition of the proposed class, the method for registering objections, and the date and time of the fairness hearing, and will notify the public of where they can review the amended Explanation of Proposed Settlement and the proposed Stipulated Agreement itself. In addition, the Plaintiffs will provide for announcement and posting of a copy of the amended Explanation of Proposed Settlement and of the Stipulated Agreement at at least ten churches in Hobbs, New Mexico. Finally, Defendants will arrange for at least five copies of the amended Explanation of Proposed Settlement and of the Stipulated Agreement to be posted and available for review at both the City Hall and the Public Library in Hobbs, New Mexico. The Court finds that these procedures are adequate to notify the members of the proposed class.

## CONCLUSION

For the reasons explained above, the Court finds that the content and manner of the proposed notice are sufficient to notify members of the proposed class of the proposed settlement and of the fairness hearing.

**IT IS THEREFORE ORDERED** that the parties are hereby directed to provide notice

in the manner set forth in the Amended Joint Motion for Approval of Notice to Class as Required

by Rule 23(e).  The parties may begin to publish their amended proposed notice on June 1, 2001,

as provided for in the Joint Motion, or they may begin publishing earlier, if doing so is practicable.


_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
    Daniel Yohalem
    Richard Rosenstock
    Debra Poulin

Attorney for Defendants:
    Gregory L. Biehler