IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JODY JOHNSON, et al.,

    Plaintiffs,

vs.                                                  Civ. No. 99-348 MV/WWD ACE

CITY OF HOBBS, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

On May 21, 2001, I conducted an evidentiary hearing at which counsel for the Plaintiffs, the Defendants, and also the guardian ad litem appeared for the purpose of setting out the terms of the proposed settlement agreement; particularly as it involved the minor Plaintiffs.

This lawsuit is being settled for $605,000.00. Of that amount, approximately $350,000.00 is being paid for attorney fees and costs. The remainder is being distributed to the various Plaintiffs in various amounts. The two children involved were age 7 and 11 at the time of the 1996 incident. They did not require any medical or psychological assistance following the incident involved in the lawsuit, and there were no special damages. The children have not shown any signs of being distressed on a long term basis following the incident; accordingly, their damages appear to be rather limited.

Under the provisions of the settlement, each of the minor children would receive the sum of $16,500.00. These monies could be ordered to be placed on deposit with an FDIC bank until the children were eighteen years of age, with any withdrawals requiring Court approval. When

each child reached the age of eighteen, he or she would have access tot he money in his or her respective bank account.   Plaintiffs' counsel indicated that certain equitable relief was addressed by a consent decree to be entered by the Court following a hearing scheduled for June 8, 2001, and this equitable relief was not discussed at the fairness hearing.

Defense counsel indicated that the Defendants had several reasonably good defenses to most of the allegations in the complaint; but that it seemed likely that at least Ms. Johnson's allegations might survive a summary judgment motion and get to the jury.  These were sufficiently egregious that Defendants felt that the matter should be settled even though there was certainly a possibility of a defense verdict.  Defendants felt that the settlement was a good settlement for Plaintiffs considering the uncertainties involved in the lawsuit.

The guardian ad litem testified that he had examined the lawsuit, and that he felt confident that the settlement was advantageous to the Plaintiffs.  He pointed out that the injuries, if any, suffered by the  minor children involved were not overly severe and were certainly temporary in nature.  He recommended approval of the settlement.

## RECOMMENDATION

I recommend that the proposed settlement be approved.

_____
UNITED STATES MAGISTRATE JUDGE