IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JODY JOHNSON, et al.,

    Plaintiffs,

vs.                                              No. CIV 99-0348 MV/WWD-ACE

CITY OF HOBBS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Allocate Cost of Notice to Class, filed June 12, 2001 **[Doc. No. 117]**. The Court, having reviewed the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion is not well-taken and will be **DENIED**.

### BACKGROUND

On March 29, 1999, Plaintiffs filed this action on behalf of themselves and all persons similarly situated, alleging that Defendants violated their right to be free from unreasonable and excessive searches, arrests and uses of force and that Defendants discriminated against them on account of their race. The parties have reached a settlement of all claims, both as to the individually named Plaintiffs and as to the class.

On May 9, 2001, the parties filed a Joint Motion for Approval of Notice of Class. In that motion, the parties agreed that Defendants would "arrange for" the notice to be published daily in the local newspaper from May 9, 2001 through May 27, 2001. In accordance with this provision, Defendants placed and paid for the notice to begin running in the newspaper on May 9, 2001. On May 23, 2001, the Court denied the Joint Motion because the proposed notice was inadequate in

that it failed to inform class members of the binding nature of the settlement. In addition, the Court found that the parties had failed to receive court approval prior to publishing their proposed notice, in contravention of Fed. R. Civ. P. 23(e). On May 25, 2001, the parties filed an Amended Joint Motion for Approval of Notice to Class and a Revised Notice to Class Members, addressing the Court's concerns. In that motion, the parties agreed that Defendants would "arrange for" publication of the Revised Notice in the local newspaper from June 1, 2001 through June 20, 2001. The Court approved the parties' Amended Joint Motion for Approval of Notice to Class. On June 21, 2001, the Court conducted a fairness hearing and entered an order certifying the class pursuant to Fed. R. Civ. P. 23(b)(2) and approving the settlement.

Defendants have now filed a Motion to Allocate Cost of Notice to Class. In their motion, Defendants state that the cost of publishing the original notice was $3,302.05 and that they paid this cost "in a cooperative and peaceable gesture." Mem. in Support of Mot. to Allocate Cost at 2. When the Court denied the initial Joint Motion for Approval of Notice to Class, Defendants asked Plaintiffs to bear the cost of the additional notice that would be required to comply with the Court's directive. Plaintiffs refused to do so. Therefore, Defendants paid the cost of the additional notice, which came to $2,417.76. Defendants maintain that they should not have to bear this cost and seek reimbursement from the Plaintiffs. Plaintiffs timely responded to Defendants' Motion and Defendants have filed a timely reply.

## ANALYSIS

Rule 23 of the Federal Rules of Civil Procedure governs class actions. This class action was certified under Rule 23(b)(2) of the Federal Rules upon the Court's finding that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby

making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). Moreover, Defendants agreed that Rule 23(b)(2) was the appropriate provision under which the class should be certified. *See* Doc. No. 119 at 1.

There are three subsections of Rule 23 that address the provision of notice to class members. Rule 23(e) addresses the notice that must be provided when a class is settled. It provides specifically that "[a] class action may not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." Fed. R. Civ. P. 23(e).

Rule 23(c)(2) addresses the provision of notice to putative class members in class actions maintained under Rule 23(b)(3). This rule requires the court to direct to the members of the class the "best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2). Therefore, in class actions maintained under Rule 23(b)(3), where individual notice is to be provided if practicable, the court and the parties are concerned particularly with identification of the class members.

Rule 23(d)(2) provides that the court may make an order "requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claim or defenses, or otherwise to come into the action." Fed. R. Civ. P. 23(d)(2). It is clear from the terms of this subsection that its purpose is to permit the court to order notice whenever it finds that notice is necessary "for the protection of the class members or otherwise for the fair conduct of the

action."  This subsection is distinct from Rule 23(e), which addresses the notice that must be provided whenever a class action is "dismissed or compromised."

This action did not proceed to trial.  Rather, the parties settled all of the claims for injunctive relief[1] and submitted a Joint Motion for Approval of Settlement of Class Action, which the Court granted.  Because the action was settled, notice was provided to class members, as required by Rule 23(e).  Rules 23(c)(2) and 23(d), therefore, do not apply.[2]

When a class action is settled, notice is to be provided "in such manner as the Court directs."  Fed. R. Civ. P. 23(e).  It is true that "[t]he usual rule is that a plaintiff must initially bear the cost of notice to the class."  *Eisen v. Carlisle & Jacquelin, et al.*, 417 U.S. 156, 178 (1974).  One of the principles underlying this rule is that where "the relationship between the parties is truly adversary, the plaintiff must pay for the cost of notice as part of the ordinary burden of financing his own suit."  *Id.* at 178-79.  Another principle underlying this general rule is that the plaintiffs will ultimately receive the benefit of the action.  *See Southern Ute Indian Tribe v. Amoco Production Co., et al.*, 2 F.3d 1023, 1030 (10th Cir. 1993).

The Court finds that the general rule does not apply in this case, for several reasons.  First, *Eisen* involved a Rule 23(b)(3) class action.  The Court expressly noted that its reasoning and

---

[1] The parties have also settled the named plaintiffs' claims for monetary damages.  Those claims, however, were brought individually by the named plaintiffs; the class plaintiffs have not sought monetary relief.  Therefore, neither the fact nor the amount of that settlement relates to the matter at issue here, i.e., who should bear the cost of notifying the class members of the agreement settling the plaintiffs' claims for injunctive relief.

[2] Defendant asserts that this Court's order directing that notice be provided "was presumptively made in accordance with Rule 23(d)."  Mem. in Support of Mot. to Allocate Cost at 3.  Defendant does not provide any reasoning to support this assertion, however.  For the reasons set forth above, the Court finds that the notice in this action was ordered pursuant to Rule 23(e).

holding applied only to notice being provided under Rule 23(c)(2). *Eisen*, 417 U.S. at 177 n.14 ("We are concerned here only with the notice requirements of subdivision (c)(2), which are applicable to class actions maintained under subdivision (b)(3). By its terms subdivision (c)(2) is inapplicable to class actions for injunctive or declaratory relief maintained under subdivision (b)(2).")

Second, the principles underlying the rule do not apply to the facts of this case. The notice in this case was not provided "as part of the ordinary burden of financing [the plaintiff's] suit." The notice, rather, was provided in conjunction with both parties' decision to settle the claims for injunctive relief. Moreover, Plaintiffs are not the only ones to receive a benefit from the settlement. In Rule 23(b)(3) class actions, prevailing plaintiffs typically receive monetary relief from the defendant. In such situations, it makes sense to require the plaintiffs, rather than the defendant, to finance the requisite notice. In this case, however, both parties receive a benefit. In support of their Joint Motion for Approval of Settlement of Class Action, the parties stated that they "see the [settlement] as a significant bridge to reestablish trust between the class and the HPD. Many members of the class and the City of Hobbs are eager to engage in a constructive and cooperative relationship that is mutually respectful and puts the past years of charge and counter-charge behind them. The [settlement] gives the class and the HPD a framework to accomplish this." *See* Doc. No. 119 at 3-4. Therefore, the parties appear to agree that both receive a benefit from settlement.

Having determined that the general rule requiring Plaintiffs to pay the cost of notice does not apply in this case, the Court must decide which party should bear the cost of notice. The general rule is that "a party ordinarily must bear the expense of complying with orders properly issued by the district court." *Oppenheimer Fund, Inc., et al. v. Sanders, et al.*, 437 U.S. 340, 358

(1978).  As explained above, the parties agreed initially that Defendants would "arrange for" notice to be published in the newspaper.  Defendants apparently believed that the terms of the agreement conferred upon them a responsibility to pay for the notice because Defendants did, indeed, pay for the publication of the initial notice.  Then, without seeking an amendment to the "arrange for" language, and without arguing to the Court that "arrange for" meant something different the second time, Defendants agreed to go forward with the Amended Joint Motion for Approval of Notice.  The Court then ordered the parties to provide notice in the method provided for in the motion.  Pursuant to the general rule that a party must bear the cost of complying with an order issued by a district court, Defendants are obligated to bear the expense of complying with this Court's order directing that the notice be published as set forth in the parties' Joint Motion for Approval of Notice to Class.  *Accord Callahan v. Commonwealth Land Title Ins. Co.*, 1990 WL 168273, *18 (E.D. Pa. 1990) (ordering defendants to pay cost of notifying Rule 23(b)(2) class members of settlement agreement); *Benzo v. Steinbacher*, 1989 WL 281905, *2 (S.D. Ohio,1989) (same).  The Court declines to deviate from the general rule in this case and will, therefore, deny Defendants' motion.

                                                                                                         MARTHA VÁZQUEZ
                                                                                                         UNITED STATES DISTRICT JUDGE

<u>Attorney for Plaintiff</u>:
    Daniel Yohalem
    Richard Rosenstock
    Debra Poulin

<u>Attorney for Defendants</u>:
    Gregory L. Biehler