IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JODY JOHNSON, *et al.*,

    Plaintiffs,

vs.                                                      Civ. No. 99-00348 MV/WWD-ACE

CITY OF HOBBS, a municipality,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant City of Hobbs' Motion to Enforce the Stipulated Agreement Resolving All Class and Individual Claims for Injunctive Relief and Motion to Stay, filed April 21, 2003 **[Doc. No. 145]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED in part**.

### BACKGROUND

On March 29, 1999, Plaintiffs filed this case on behalf of themselves and all persons similarly situated, alleging that Defendants violated their rights to be free from unreasonable and excessive searches, arrests and uses of force, and that Defendants discriminated against them on the basis of their race. The parties subsequently entered into a Stipulated Agreement Resolving All Class and Individual Claims for Injunctive Relief ("Stipulated Agreement"). The Stipulated Agreement included both the payment of monetary damages to the named Plaintiffs and various forms of injunctive relief against Defendant City of Hobbs in favor of the class and the named Plaintiffs.

After a hearing to determine the fairness and reasonableness of the proposed settlement, the Court signed and approved the Stipulated Agreement. All Defendants except the City of Hobbs were dismissed with prejudice from the case pursuant to a stipulation between the parties. The release, which was prepared by Defendants, stated that "the City of Hobbs shall remain a defendant and not be released solely for the purpose of implementation and enforcement of the Stipulated Agreement resolving the claims of the class for injunctive relief."

On January 11, 2002, the Clerk of the Court entered an Order administratively closing the case for statistical purposes. This Order noted that "pursuant to the Stipulated Agreement and prior Orders of the Court, the Court will retain jurisdiction of the case for a period of three years to decide any motions relating to compliance or enforcement of the Stipulated Agreement."

On February 6, 2003, Plaintiff Lamond Alexander filed a Motion for Sanctions and Further Relief and Modification of Settlement Agreement. On February 7, 2003, Plaintiffs and the Class of All African-American Residents of Hobbs filed a Motion for Sanctions and Further Relief to Obtain Compliance with the Stipulated Agreement. Five days later, Plaintiffs and the Class of All African-American Residents of Hobbs filed a Motion to Replace Clarence Chapman as Monitor to Obtain Compliance with the Stipulated Agreement. Defendant filed the instant motion to enforce the Stipulated Agreement questioning whether this Court retained jurisdiction to enforce the Stipulated Agreement; seeking a declaration that the Stipulated Agreement is a contract and not a consent decree; contending that, pursuant to the terms of the Stipulated Agreement, Plaintiffs' motions should be mediated prior to seeking relief before this Court; and seeking a stay of Plaintiffs' motions until this motion is resolved.

## DISCUSSION

A.      Jurisdiction to Enforce Stipulated Agreement

Defendant asserts that the Court does not have jurisdiction over the Stipulated Agreement because the Court's Order approving the Stipulated Agreement did not incorporate the terms of the agreement or expressly retain jurisdiction for purposes of enforcement of the agreement and there is no independent jurisdictional basis for the Court to enforce the agreement.  The language of the Stipulated Agreement, the release prepared by Defendants, and the Orders entered by the Court evidence the parties' and the Court's intent that the Court retain jurisdiction to enforce compliance with the Stipulated Agreement.  The question, however, is whether the Court has, in fact, retained jurisdiction to enforce the Stipulated Agreement.

While a case is pending, or whenever the court specifically retains jurisdiction for the purpose, a district court may enforce a settlement agreement as part of its ancillary jurisdiction. *See*, *e.g., United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993) ("A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it.") and *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994) (trial court has jurisdiction to enforce settlement agreement after a case has been dismissed only if the parties' obligation to comply with the terms of the settlement agreement are made part of the order of dismissal--either by separate provision or by incorporating the terms of the settlement agreement in the order--or there is some independent basis for federal jurisdiction).  Defendant asserts that the January 11, 2002 administrative order closing the case "for statistical purposes" was a final judgment dismissing the case and that the administrative order did not properly retain jurisdiction over the Stipulated Agreement.

Therefore, Defendant asserts, this Court lacks jurisdiction to enforce the Stipulated Agreement.[1]

An administrative closing is not a final judgment and does not terminate the court's jurisdiction over the case.  "Administrative closings comprise a familiar, albeit essentially ad hoc, way in which courts remove cases from their active files without making any final adjudication . . . Properly understood, an administrative closing has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository."  *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999). An administrative order does not terminate the underlying case, but, rather "place[s] it in inactive status until such time as the judge, in his discretion or at the request of a party, chose[s] either to reactivate it or to dispose of it with finality."  *Id.*; *see also Mickeviciute v. Immigration and Naturalization Service,* 327 F.3d 1159, 1161, n.1 (10th Cir. 2003) ( "The administrative closing of a case does not result in a final order.  It is merely an administrative convenience which allows the removal of cases from the calendar in appropriate situations.");  *American Heritage Life Ins. Co. v. Orr,* 294 F.3d 702, 715 n.4 (5th Cir. 2002) (concurring opinion)  (an administrative closure "has no jurisdictional significance"); *United States v. 27.09 Acres of Land*, 1 F.3d 107, 111 (2nd Cir. 1993) (administrative order closing case for statistical purposes is not a final judgment).  The administrative order closing this case for statistical purposes was not a final judgment and did not terminate the Court's jurisdiction over this case.  Consequently, the case is still pending before the Court.

---

[1] The Court's titling of the order administratively closing this case as a "Judgment Dismissing Action by Reason of Settlement" does not alter the character of its action.  *See American Heritage*, 294 F.3d at 715 (court's use of an imprecise or misleading label cannot alter the character of its action).  It is clear from the text of the order that the case is being administratively closed for statistical purposes only.

Courts have uniformly held that trial courts have jurisdiction to enforce a settlement agreement in a pending case.[2] *See Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995) (citing precedents from the 4th, 5th, 6th, 9th, 10th, 11th and D.C. Circuits); *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993) ("A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it.") *Thompson v. D.C. America, Inc.,* 951 F.Supp. 192, 194 (E.D. Ala. 1996) (court had jurisdiction to enforce settlement agreement because the court never entered an order dismissing the lawsuit); *Sadighi v. Daghighfekr*, 66 F.Supp.2d 752 (D.S.C. 1999) (if suit has not been dismissed, court has jurisdiction to enforce settlement agreement). This case is currently pending before the Court and, therefore, the Court has jurisdiction to enforce the Stipulated Agreement.

B.    Consent Decree

Plaintiffs assert that the Stipulated Agreement has all the attributes of a consent decree and, therefore, must be treated and enforced as such. The Court disagrees. The Court retained jurisdiction to enforce the Stipulated Agreement. Retaining jurisdiction to enforce a settlement agreement, however, is not enough to transform a settlement agreement into an order enforceable by contempt. *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 461 (7th Cir. 1993). "Standing alone, a settlement agreement is nothing more than a contract; the imprimatur of an injunction is required to render it a consent decree enforceable through contempt." *Consumers Gas & Oil,*

---

[2] That a district court has the ability to enforce a settlement agreement in a pending case is a necessary corollary to the holding in *Kokkonen* that a court can retain jurisdiction to enforce a settlement agreement by issuing a final order of dismissal incorporating the terms of the settlement agreement. If the district court did not have jurisdiction to enforce a settlement agreement in a pending case, it could not retain jurisdiction to enforce a settlement agreement by incorporating the terms of the settlement agreement in an order of dismissal.

*Inc. v. Farmland Industries, Inc.*, 84 F.3d 367 (10th Cir. 1996) (quoting *D. Patrick,* 8 F.3d at 460).

Rule 65(d) provides that "[e]very order granting an injunction . . . shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." Fed. R. Civ. P. 65(d). The Tenth Circuit strictly construes Rule 65(d). *See Consumers Gas & Oil,* 84 F.3d at 371. As a result, any order granting an injunction must expressly set forth the acts being restrained.

While the Stipulated Agreement provides for injunctive relief, the Stipulated Agreement was never given the force of a Court Order. The Stipulated Agreement was signed by the Court under the notation "Approved." On June 22, 2002, the Court issued an Order approving the Stipulated Agreement as "just, fair, equitable and in the interests of the members of the class." *See* June 22, 2002 Order. The June 2002 Order did not describe the Stipulated Agreement or set forth any of its provisions. Finally, the Court issued a Stipulated Order of Dismissal dismissing all defendants except the City of Hobbs. This Order did not incorporate any provisions of the Stipulated Agreement, which was not binding on any of the defendants being dismissed. The Court never incorporated any of the terms of the Stipulated Agreement into an Order, such that the terms would be given the force of a Court Order. Consequently, the Stipulated Agreement does not have the requisite judicial imprimatur to be a consent decree.

C.  Mediation

Defendant's motion seeks to enforce the Stipulated Agreement's provision requiring mediation of any disputes under the agreement. The parties have subsequently mediated the issues raised in Plaintiffs' pending motions. Consequently, Defendant's motion to enforce the

mediation provisions in the Stipulated Agreement is moot.

D.     Stay

Defendant seeks a stay of Plaintiffs' motions pending a decision on the instant motion to enforce mediation under the Stipulated Agreement. The parties have subsequently mediated the issues raised in Plaintiffs' pending motions. Consequently, Defendant's motion to stay Plaintiffs' motions pending mediation is moot.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant City of Hobbs' Motion to Enforce the Stipulated Agreement Resolving All Class and Individual Claims for Injunctive Relief and Motion to Stay, filed April 21, 2003 **[Doc. No. 145]** is hereby **GRANTED in part**. The Court declares that the Stipulated Agreement lacks the requisite judicial imprimatur to be a consent decree. In all other respects, Defendant's motion is denied.

Dated this 2nd day of April, 2004.

MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiffs:
    Richard Rosenstock, Esq.
    Daniel Yohalem, Esq.

Attorney for Defendant:
    Josh A. Harris, Esq.