### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

JODY JOHNSON, *et al*.,

        Plaintiffs,

vs.                                                                          Civ. No. 99-00348 MV/WWD-ACE

CITY OF HOBBS, a municipality,

        Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Replace Clarence

Chapman as Monitor to Obtain Compliance with the Stipulated Agreement, filed

February 12, 2003, **[Doc. No. 137]**.  The Court, having considered the motion, briefs, relevant

law and being otherwise fully informed, finds that the motion is not well-taken and will be

**DENIED**.

### BACKGROUND

On March 29, 1999, Plaintiffs filed this case on behalf of themselves and all persons

similarly situated, alleging that Defendants violated their rights to be free from unreasonable and

excessive searches, arrests and uses of force, and that Defendants discriminated against them on

the basis of their race.  The parties subsequently entered into a Stipulated Agreement Resolving

All Class and Individual Claims for Injunctive Relief ("Stipulated Agreement").  The Stipulated

Agreement required Defendant City of Hobbs to engage the services of Clarence Chapman as an

independent monitor/mediator for a period of three years.

On February 12, 2003, Plaintiffs filed a motion to replace Clarence Chapman as monitor

under the Stipulated Agreement.  In their motion, Plaintiffs assert that Mr. Chapman has failed to

perform certain duties under the Stipulated Agreement and that this failure has resulted in

Plaintiffs failing to obtain the relief to which they are entitled under the Stipulated Agreement.

Plaintiffs request that the Court remove Mr. Chapman as monitor and name a qualified,

independent person to fill the position of monitor.

## DISCUSSION

The Court does not have the authority to remove Mr. Chapman as monitor or to name a

new monitor.  The Court retained jurisdiction to enforce the Stipulated Agreement.[1]  Retaining

jurisdiction to enforce a settlement agreement, however, is not enough to transform a settlement

agreement into a consent order subject to modification by the Court.  *See D. Patrick, Inc.  v.

Ford Motor Co*., 8 F.3d 455, 461 (7th Cir. 1993)).  "Standing alone, a settlement agreement is

nothing more than a contract; the imprimatur of an injunction is required to render it a consent

decree."  *Consumers Gas & Oil, Inc. v. Farmland Industries, Inc*., 84 F.3d 367, 370

(10th Cir. 1996) (quoting *D. Patrick*, 8 F.3d  at 460).  The Stipulated Agreement does not have

the requisite judicial imprimatur to be a consent decree.[2]  Consequently, the Court must construe

the Stipulated Agreement in the same manner as a contract to determine how it should be

enforced.  *See, e.g., Republic Resources Corp. v. ISI Petroleum West Caddo Drilling Program*

---

[1]  The Court's jurisdiction to enforce the Stipulated Agreement is set forth in the
Memorandum Opinion and Order denying Defendant's Motion to Enforce the Stipulated
Agreement Resolving All Class and Individual Claims for Injunctive Relief and Motion to Stay
being entered concurrently.

[2]  The reasons the Stipulated Agreement does not have the requisite judicial imprimatur to
be a consent decree are set forth in the Memorandum Opinion and Order denying Defendant's
Motion to Enforce the Stipulated Agreement Resolving All Class and Individual Claims for
Injunctive Relief and Motion to Stay being entered concurrently.

*1981*, 836 F.2d 462, 465 (10th Cir.1987) (settlement agreement is construed in the same manner as a contract to determine how it should be enforced).

Under New Mexico law, the Court has no authority to modify the unambiguous terms of a contract.  "In the absence of ambiguity, a court must interpret and enforce the clear language of the contract and cannot make a new agreement for the parties."  *Nearburg v. Yates Petroleum Corp.*, 1997-NMCA-069, ¶ 23, 943 P.2d 560, 569;  *see also CC Housing Corp. v. Ryder Truck Rental, Inc.*, 746 P.2d 1109, 1111 (1987) ("[T]he court's duty is confined to interpreting the contract that the parties made for themselves, and absent any ambiguity, the court may not alter or fabricate a new agreement for the parties.").  The Stipulated Agreement unambiguously requires Mr. Chapman to serve as monitor for a period of three years and makes no provision for the replacement of Mr. Chapman in the event he fails to fulfill his duties under the agreement. The Court, therefore, does not have any authority to replace Mr. Chapman as monitor.

Plaintiffs, however, are not without a remedy for the alleged failure of Mr. Chapman to fulfill his role as monitor.  The Stipulated Agreement provides that the term of the Stipulated Agreement may be extended by the Court.  In determining whether the term of the Stipulated Agreement should be extended, as requested in Plaintiffs' pending Motion for Sanctions and Further Relief to Obtain Compliance with the Stipulated Agreement, the Court can consider whether Mr. Chapman's alleged failure to fulfill his role as monitor has resulted in Plaintiffs failing to obtain the relief to which they are entitled under the Stipulated Agreement.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Replace Clarence Chapman

as Monitor to Obtain Compliance with the Stipulated Agreement, filed February 12, 2003,

**[Doc. No. 137]** is hereby **DENIED**.

Dated this 6th day of April, 2004.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiffs:
        Richard Rosenstock, Esq.
        Daniel Yohalem, Esq.

Attorney for Defendant:
        Josh A. Harris, Esq.