IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JODY JOHNSON, *et al.*,

      Plaintiffs,

vs.                                        Civ. No. 99-00348 MV/WWD-ACE

CITY OF HOBBS, a municipality,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Lamond Alexander's Motion for Sanctions, Further Relief and Modification of Settlement Agreement, filed February 6, 2003, **[Doc. No. 131]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is not well-taken and will be **DENIED**.

### BACKGROUND

On March 29, 1999, Plaintiffs filed this case on behalf of themselves and all persons similarly situated, alleging that Defendants violated their rights to be free from unreasonable and excessive searches, arrests and uses of force, and that Defendants discriminated against them on the basis of their race. The parties subsequently entered into a Stipulated Agreement Resolving All Class and Individual Claims for Injunctive Relief ("Stipulated Agreement"). The Stipulated Agreement included both the payment of monetary damages to the individual Plaintiffs and various forms of injunctive relief against Defendant City of Hobbs in favor of the class and the individual Plaintiffs. Section XII of the Stipulated Agreement, which provides injunctive relief for the individual Plaintiffs states, in pertinent part:

A.  HPD [Hobbs Police Department] agrees that for a period of three years after the entry of this Stipulated Agreement:

1.  Plaintiffs will not have their homes, vehicles or persons searched on the basis of consent without a written, signed consent form or a tape recording of their oral consent, which tape must be maintained for 60 days from the search. Except as provided in subparagraph 2, below, in the absence of probable cause or exigent circumstances, the HPD will not seek to search any of the named Plaintiffs or their property.

2.  Plaintiffs will not be subjected to a *Terry* detention unless the officer has a reasonable, articulable suspicion that the Plaintiff has committed or is about to commit a crime.

3.  Plaintiffs will not be subjected to a "pat down" during a lawful *Terry* detention unless the officer has a reasonable, articulable suspicion that the Plaintiff is armed at the time of the detention.

\* \* \*

6.  Upon request, counsel for Plaintiffs will be provided with all police reports, witness statements, video tapes and audio tapes concerning any and all contacts with each Plaintiff within 10 days after the document or tape is requested.

Stipulated Agreement, Section XII.

Section VI(B) of the Stipulated Agreement provides that:

B.  Within one month the HPD will modify its policies, procedures and forms regarding reports on field interviews, detentions, searches and seizures as follows:

1.  All officers will be required to complete a written report each time an officer performs a search without a warrant, seizes any property without a warrant (excluding towing vehicles and found or unclaimed property not on a person, in a vehicle or on property otherwise being searched), or conducts an investigative detention based on suspicion of criminal activity (that is, a detention authorized by *Terry v. Ohio*, 392 U.S. 1 (1968)).

2.  This report will include at least: the case # (if applicable); the officer's name; a description of the incident; the specific type of detention, search, or seizure; the reason for the detention, search, or seizure; whether the subject was asked to consent to any search; whether the subject was offered a written consent form to sign and the subject's response to such request; whether the subject granted consent; whether the contact was tape recorded; the name, race, and gender of all persons involved in the detention, search, or seizure; any weapon,

      evidence, or contraband found; whether the individual involved in the detention, search, or seizure was arrested or cited, and if so, the charges; date, time, and location of the incident.  If a consent form was signed, it shall be attached to the report and if consent was tape recorded, the tape shall be placed into evidence and maintained for 60 days.

Stipulated Agreement, Section VI(B).

      On February 6, 2003, Plaintiff Lamond Alexander filed the instant motion contending that Defendant has violated various provisions of the Stipulated Agreement.  Plaintiff seeks, in part, sanctions, monetary damages, modification of the Stipulated Agreement, and attorney's fees and costs.

### DISCUSSION

      The Court retained jurisdiction to enforce the Stipulated Agreement.[1]  Retaining jurisdiction to enforce a settlement agreement, however, is not enough to transform a settlement agreement into a consent order subject to modification by the Court.  *See D. Patrick, Inc. v. Ford Motor Co*., 8 F.3d 455, 461 (7th Cir. 1993)).  "Standing alone, a settlement agreement is nothing more than a contract; the imprimatur of an injunction is required to render it a consent decree."  *Consumers Gas & Oil, Inc. v. Farmland Industries, Inc*., 84 F.3d 367, 370 (10th Cir. 1996) (quoting *D. Patrick*, 8 F.3d at 460).  The Stipulated Agreement does not have the requisite judicial imprimatur to be a consent decree.  Consequently, the Court must construe the Stipulated Agreement in the same manner as a contract to determine how it should be enforced.  *See, e.g., Republic Resources Corp. v. ISI Petroleum West Caddo Drilling Program 1981*, 836 F.2d 462, 465 (10th Cir.1987) (settlement agreement is construed in the same manner

---

[1] The Court's jurisdiction to enforce the Stipulated Agreement is set forth in the Memorandum Opinion and Order denying Defendant's Motion to Enforce the Stipulated Agreement Resolving All Class and Individual Claims for Injunctive Relief and Motion to Stay, filed April 6, 2004 **[Doc. No. 172]** .

as a contract to determine how it should be enforced).

Under New Mexico law, the Court has no authority to modify the unambiguous terms of a contract. "In the absence of ambiguity, a court must interpret and enforce the clear language of the contract and cannot make a new agreement for the parties." *Nearburg v. Yates Petroleum Corp.*, 1997-NMCA-069, ¶ 23, 943 P.2d 560, 569; *see also CC Housing Corp. v. Ryder Truck Rental, Inc.*, 746 P.2d 1109, 1111 (1987) ("[T]he court's duty is confined to interpreting the contract that the parties made for themselves, and absent any ambiguity, the court may not alter or fabricate a new agreement for the parties.").

Plaintiff raises three incidents he alleges violated the Stipulated Agreement: a detention on July 27, 2003, a noise ordinance citation, and the inclusion of his photo in HPD photo arrays.

    1.    July 27, 2002 Detention

On July 27, 2002, at approximately 4:10 p.m., Officer Jordan investigated a "shots fired" incident. Witnesses at the scene of the shooting told Officer Jordan that Plaintiff, Plaintiff's brother, and a man named Jimmy Savage had been involved in a physical altercation with a man named Darnell Nelson and several of Mr. Nelson's friends. At some point during this altercation, Mr. Savage took a gun from his waist and fired two to three rounds at Mr. Nelson. Plaintiff, his brother, and Mr. Savage were seen departing the scene in a green Chevy SUV.

At approximately 4:35 p.m., Officer Rix stopped Plaintiff in his green Chevy Tahoe. Plaintiff's brother was the only other occupant of the vehicle. Shortly thereafter, Officer Jordan and another City of Hobbs police officer arrived and explained to Plaintiff that the police department had information that Plaintiff may be a witness to the shooting incident. Plaintiff denied being at the scene.

Plaintiff was detained in his car until the detectives investigating the shooting incident

arrived, approximately 15 minutes after Plaintiff was initially stopped. One of the detectives sought permission from Plaintiff to search his car. Plaintiff declined. The detective initially indicated that he would obtain a search warrant if Plaintiff did not consent to the search but then apparently changed his mind and departed. At approximately 5:05, Officer Rix issued Plaintiff a ticket for careless driving and he was released.

Defendant contends that HPD had probable cause to believe 1) that Plaintiff was involved in a physical altercation; 2) that Plaintiff was an accessory to attempted murder or manslaughter; and 3) that Plaintiff could have possession of evidence in his vehicle pertaining to the attempted murder committed by Mr. Savage and, therefore, HPD had the requisite reasonable suspicion to detain Plaintiff. Plaintiff concedes that there was reasonable suspicion to detain him. Plaintiff contends, however, that the length and conditions of the detention were unreasonable and that the careless driving citation issued by Officer Rix, which was later dismissed by the court, was a retaliatory action for his complaining about the stop.

The Stipulated Agreement requires certain processes and procedures designed to reduce disparate policing. While an illegal detention may result in a violation of the Stipulated Agreement if the proper reporting, review and remedial processes are not followed, the illegal detention itself is not a violation of the Stipulated Agreement. Consequently, even if Plaintiff's allegations were substantiated, these allegations would not constitute a violation of the Stipulated Agreement.

Plaintiff also alleges, and Defendant does not dispute, that HPD did not prepare a report on Plaintiff's detention. Failure to prepare a report for this incident violates Section VI(B)(2) of the Stipulated Agreement which requires HPD officers to prepare a report every time an investigative detention is made.

  2.  September 24, 2002 Noise Citation

At approximately 9:00 p.m., on September 24, 2002, two HPD officers were dispatched to investigate a complaint by Plaintiff's neighbor that loud music was coming from the apartment Plaintiff shares with his girlfriend. While the officers were meeting with the complaining witness, Plaintiff drove into the apartment complex parking lot. The stereo in Plaintiff's car was on and the bass could be heard at least 50 feet away by the officers. Upon witnessing this violation of the Hobbs City Ordinance, one of the officers issued Plaintiff a noise ordinance citation. The officer also warned Plaintiff about the loud music coming from his apartment.

  The front of the citation issued to Plaintiff stated that:

> Vehicle coming home to above address in green S.U.V. Music could be heard from vehicle more than 50 feet away (base). Subject [indecipherable] calls about green S.U.V. (almost) every day for loud music. Called here on this date for loud music from this subject's apartment.

  On the copy of the citation provided to the court, the officer added the following language:

> It should be noted that officers have responded to [Plaintiff's apartment complex] approx. 19 time during 2002 for loud music. 6 of those time involved a green S.U.V. . . . Warned about music from his apartment.

  Plaintiff contends that the additional information added to the court's copy of the citation suggested that HPD had previously responded to noise violations committed by Plaintiff 19 times and had issued Plaintiff a warning one time. Plaintiff asserts that this additional information resulted in Plaintiff receiving an unusually harsh sentence for a first time offender. Defendant contends that Hobbs Policies and Procedures Manual allows officers to put additional information on the back of a citation and that the additional information added by the officer mitigated the statement on the front regarding the almost daily calls regarding loud music from a green SUV.

As noted above, the Court's jurisdiction is limited to determining if any of the terms of the Stipulated Agreement has been violated. Plaintiff does not point to, and the Court does not find, any provision of the Stipulated Agreement that was violated by the issuance of the noise ordinance citation or the alleged improper modification of the citation. Consequently, even if Plaintiff's allegations were substantiated, they would not constitute a violation of the Stipulated Agreement.

3. Photo Arrays

Lastly, Plaintiff raises concern regarding HPD's use of his photo in its photo line-ups. Regardless of the legitimacy of such a practice, nothing in the Stipulated Agreement prohibits Defendant from using Plaintiff's photo in its photo arrays.

In sum, Plaintiff contends that he continues to be subjected to improper law enforcement actions in retaliation for his participation in this case. At this point, however, the Court's jurisdiction is limited to determining if Defendant has violated the terms of the Stipulated Agreement. If Plaintiff wishes to pursue any claims against Defendant as a result of the allegedly improper conduct cited by Plaintiff, Plaintiff must file a new case.

Plaintiff has proven that Defendant's failure to prepare a report on his July 27, 2002 detention violates Section VI(B)(2) of the Stipulated Agreement. However, because this violation was raised in the related motion filed by Plaintiffs and the Class of All African-American Residents of Hobbs for sanctions and further relief to obtain compliance with the Stipulated Agreement, filed February 7, 2003, [Doc. No. 135], and formed part of the basis for the relief granted in that motion, no additional relief will be granted to Plaintiff individually.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Lamond Alexander's Motion for

Sanctions, Further Relief and Modification of Settlement Agreement, filed February 6, 2003,

**[Doc. No. 131]** is hereby **DENIED**.

Dated this 14th day of June, 2004.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

<u>Attorney for Plaintiffs</u>:
  Richard Rosenstock, Esq.
  Daniel Yohalem, Esq.

<u>Attorney for Defendant</u>:
  Josh A. Harris, Esq.