IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


JODY JOHNSON, *et al.*,

      Plaintiffs,

vs.                                                                                     Civ. No. 99-00348 MV/WWD-ACE

CITY OF HOBBS, a municipality,

      Defendant.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant City of Hobbs' Motion to Reconsider, filed July 2, 2004, **[Doc. No. 197]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is not well-taken and will be **DENIED**.

## BACKGROUND

On March 29, 1999, Plaintiffs filed this case on behalf of themselves and all persons similarly situated, alleging that Defendants violated their rights to be free from unreasonable and excessive searches, arrests and uses of force, and that Defendants discriminated against them on the basis of their race. The parties subsequently entered into a Stipulated Agreement Resolving All Class and Individual Claims for Injunctive Relief ("Stipulated Agreement"). The Stipulated Agreement included both the payment of monetary damages to the individual Plaintiffs and various forms of injunctive relief against Defendant City of Hobbs in favor of the class and the individual Plaintiffs. On February 7, 2003, Plaintiffs filed a motion asserting that Defendant City of Hobbs ("Defendant") was not complying with the Stipulated Agreement. In a Memorandum

Opinion and Order dated June 14, 2004, the Court found that Defendant had failed to substantially comply with the Stipulated Agreement and, as a remedy, extended the term of the Stipulated Agreement by twelve months. *See* June 14, 2004 Memorandum Opinion and Order [Doc. No. 190]. The parties subsequently submitted a joint motion seeking an extension of time to file their respective motions for reconsideration of the June 14, 2004 Order. This motion was granted by the Court. On July 2, 2004, Defendant filed the instant motion for reconsideration requesting that the Court reconsider certain factual findings made in its June 14, 2004 Memorandum Opinion and Order. In its motion, Defendant specifically states that it is not asking the Court to reconsider its conclusion that Defendant failed to substantially comply with the Stipulated Agreement or its extension of the term of the Stipulated Agreement. On July 14, 2004, Defendant filed a Notice of Appeal of the judgment in favor of Plaintiffs.[1]

## LEGAL STANDARD

When the Court has misapprehended the facts or misapplied the law, a party may seek relief pursuant to Fed. R. Civ. P. 59 or 60. Rule 59 motions must be filed within ten days of the entry of judgment. Fed. R. Civ. P. 59. Motions filed outside the ten-day time period set for Rule 59(e) motions are examined under Rule 60(b). *United States v. Emmons*, 107 F.3d 762, 764 (10th Cir. 1997).

---

[1] Defendant's Notice of Appeal states that it is appealing from "Memorandum Opinion and Order, Docket No. 192." The cited Memorandum Opinion and Order denied as moot three motions submitted by the parties regarding additional evidence submitted by Plaintiffs in support of their motion for sanctions and did not grant judgment in favor of either party. For purposes of this motion, the Court assumes that Defendant's Notice of Appeal will be liberally construed as appealing the Court's Memorandum Opinion and Order, Docket No. 190, that granted judgment in favor of Plaintiffs, and, therefore, Defendant's instant motion is seeking reconsideration of a judgment that is on appeal.

The parties filed a joint motion seeking to extend the ten-day period for filing their motions for reconsideration under Rule 59. The Court, however, has no authority to extend the ten-day time period for filing a Rule 59(e) motion. *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1179 (10th Cir. 2000) (district court lacks authority to grant motion for additional time to file Rule 59(e) motion); *Collard v. United States*, 10 F.3d 718, 719 (10th Cir. 1993) ("Rule 6(b) expressly prohibits a trial court from extending the time to file [a Rule 59(e)] motion."). Plaintiff's motion was filed outside the ten-day time period set for Rule 59(e) motions, and, therefore, must be construed as raised pursuant to Rule 60.

> Rule 60 provides that:
>
> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). A district court has discretion to grant relief as justice requires under Rule 60(b). *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). While a district court lacks jurisdiction to grant a Rule 60 motion when an appeal is pending, the court may consider the motion. *See Aldrich Enter., Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir. 1991).

## **DISCUSSION**

In its motion, Defendant requests that the Court reconsider certain factual findings "based

on attached affidavits and documentation." A party seeking relief from a judgment under Rule 60(b)(2) based on newly discovered evidence must show, in part, that the evidence was newly discovered since the trial or judgment and could not, with due diligence, have been discovered in time to move for a new trial under Rule 59(b). *See Joseph v. Terminix Int'l Co.*, 17 F.3d 1282, 1285 (10th Cir. 1994); Fed. R. Civ. P. 60(b)(2) (relief from a judgment may be granted based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)" ). The affidavit and documentation attached to Defendant's motion for reconsideration were not in the record before the Court at the time the Court made the factual findings at issue and Defendant concedes that the affidavit and documentation are not "newly discovered evidence" that was unavailable to Defendant prior to the Court's June 14, 2004 ruling.[2]

Defendant has not identified a single instance in which the Court misapprehended the facts in the record before it; rather, Defendant submits additional evidence in an attempt to rebut the factual findings made by the Court.[3] The time for demonstrating Defendant's compliance with the

---

[2] Defendant's claim that the affidavit "merely clarifies" evidence already before the Court is patently false. For example, in their motion to enforce the Stipulated Agreement, Plaintiffs contended that Defendant was not investigating tort claim notices as required by the Stipulated Agreement. In its response, Defendant did not contest this assertion. Accordingly, in its June 14, 2004 Memorandum Opinion and Order, the Court found that Defendant's failure to investigate tort claim notices violated the Stipulated Agreement. The new affidavit attached to Defendant's Motion for Reconsideration, however, asserts that Defendant has been investigating tort claim notices. The affidavit cites, and the Court is unaware of, any evidence in the record before the Court to support this assertion.

[3] In its Reply, Defendant admits that the documents attached to its Motion for Reconsideration were prepared specifically to rebut the Court's factual findings. *See* Defendant City of Hobbs' Reply to Plaintiffs' Response to Motion to Reconsider at 2 ("The other documents are a good faith effort by the City to capture the information required by the Stipulated Agreement in such a way as to satisfy the Court.").

4

Stipulated Agreement was during the briefing on this issue and not after the Court ruled. Defendant's failure to present its strongest case in the first instance is not grounds for the Court to reconsider its findings. *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) (a party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider).

The evidence relied upon by Defendant in its motion was not before the Court when the Court ruled on Plaintiffs' motion and does not qualify as newly discovered evidence. Therefore, Defendant has provided no basis for the Court to reconsider its previous findings.[4]

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant City of Hobbs' Motion to Reconsider, filed July 2, 2004, **[Doc. No. 197]** is hereby **DENIED**.

Dated this 18th day of May, 2005.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiffs:
    Richard Rosenstock, Esq.
    Daniel Yohalem, Esq.

Attorney for Defendant:
    Josh A. Harris, Esq.

---

[4] Defendant's motion would fail for the same reasons if it were considered under Rule 59. A party may not use a motion for reconsideration to present evidence that could have been presented to the Court at the time of the briefing. "When supplementing a Rule 59(e) motion with additional evidence, the movant must show either that the evidence is newly discovered [and] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence." *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992).