IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JODY JOHNSON, *et al.*,

    Plaintiffs,

vs.                                                        Civ. No. 99-00348 MV/WWD-ACE

CITY OF HOBBS, a municipality,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Lamond Alexander's Motion for Relief Under Rule 60(B)(2) and/or for Reconsideration, filed July 6, 2004, **[Doc. No. 199]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is not well-taken and will be **DENIED**.

### BACKGROUND

On March 29, 1999, Plaintiffs filed this case on behalf of themselves and all persons similarly situated, alleging that Defendants violated their rights to be free from unreasonable and excessive searches, arrests and uses of force, and that Defendants discriminated against them on the basis of race. The parties subsequently entered into a Stipulated Agreement Resolving All Class and Individual Claims for Injunctive Relief ("Stipulated Agreement"). The Stipulated Agreement included both the payment of monetary damages to the individual Plaintiffs and various forms of injunctive relief against Defendant City of Hobbs. Section XII of the Stipulated Agreement, which provides injunctive relief for the individual Plaintiffs states, in pertinent part:

>   A.   HPD [Hobbs Police Department] agrees that for a period of three years after the entry of this Stipulated Agreement:
>
>   1.   Plaintiffs will not have their homes, vehicles or persons searched on the basis of consent without a written, signed consent form or a tape recording of their oral consent, which tape must be maintained for 60 days from the search. Except as provided in subparagraph 2, below, in the absence of probable cause or exigent circumstances, the HPD will not seek to search any of the named Plaintiffs or their property.
>
>   2.   Plaintiffs will not be subjected to a *Terry* detention unless the officer has a reasonable, articulable suspicion that the Plaintiff has committed or is about to commit a crime.

Stipulated Agreement, Section XII.

On February 6, 2003, Plaintiff Lamond Alexander filed a motion contending that Defendant had violated various provisions of the Stipulated Agreement and seeking, in part, sanctions, monetary damages, modification of the Stipulated Agreement, and attorney's fees and costs. In an Order dated June 14, 2004, the Court denied this motion. The parties subsequently submitted a joint motion seeking an extension of time to file motions for reconsideration of the June 14, 2004 Order. This motion was granted by the Court. On July 6, 2004, Plaintiff filed this motion requesting that the Court re-examine its findings regarding the July 27, 2002 detention of Plaintiff pursuant to Rule 60(b)(2) because Plaintiff recently had obtained additional evidence regarding this detention and because the Court misapprehended Plaintiff's argument regarding how the July 27, 2002 detention violated the Stipulated Agreement.

## LEGAL STANDARD

When a court misapprehends the facts or misapplies the law, a party may seek relief pursuant to Fed. R. Civ. P. 59 or 60. Rule 59 motions must be filed within ten days of the entry of judgment. Fed. R. Civ. P. 59. Motions filed outside the ten-day time period set for Rule 59(e) motions are examined under Rule 60(b). *United States v. Emmons*, 107 F.3d 762, 764 (10th Cir. 1997).

The parties filed a joint motion seeking to extend the ten-day period for filing their motions for reconsideration under Rule 59. The Court, however, has no authority to extend the ten-day time period for filing a Rule 59(e) motion. *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1179 (10th Cir. 2000) (district court lacks authority to grant motion for additional time to file Rule 59(e) motion); *Collard v. United States*, 10 F.3d 718, 719 (10th Cir. 1993) ("Rule 6(b) expressly prohibits a trial court from extending the time to file [a Rule 59(e)] motion."). Plaintiff's motion was filed outside the ten-day time period set for Rule 59(e) motions, and, therefore, must be considered under Rule 60.

Rule 60 provides that:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). A district court has discretion to grant relief as justice requires under Rule 60(b). *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).

## DISCUSSION

Plaintiff's motion requests that the Court reconsider its June 14, 2004 Opinion on two grounds: newly discovered evidence and the Court's misapprehension of Plaintiff's argument regarding how the July 27, 2002 detention violated the Stipulated Agreement.

    A.    Newly Discovered Evidence

A party seeking relief from a judgment under Rule 60(b)(2) based on newly discovered evidence must show, in part, that the evidence was discovered after the trial or judgment and

could not, with due diligence, have been discovered in time to move for a new trial under Rule 59(b). *See Joseph v. Terminix Int'l Co.*, 17 F.3d 1282, 1285 (10th Cir. 1994); Fed. R. Civ. P. 60(b)(2) (relief from a judgment may be granted based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)").[1] Plaintiff states that he obtained the new evidence on or about April 20, 2004--at least six weeks prior to the Court ruling on Plaintiff's motion. Plaintiff's newly discovered evidence could have been submitted prior to the Court's ruling on Plaintiff's motion and certainly was available in time to file a motion under Rule 59. Consequently, relief is precluded under the plain language of Rule 60(b)(2).[2] *See, e.g., U.S. Steel v. M. DeMatteo Const. Co.*, 315 F.3d 43, 51-52 (1st Cir. 2002) (affirming the district court's denial of a Rule 60(b)(2) motion where the moving party possessed certain evidence before the summary judgment hearing but did not examine it until after the hearing and hence did not present the evidence to the court).

---

[1] Rule 60(b)(6) provides that the court may relieve a party from an order for "any other reason justifying relief from the operation of the judgment." The Court, however, cannot use Rule 60(b)(6) to consider the newly discovered evidence because a court may not grant relief under Rule 60(b)(6) for any of the specific grounds stated in 60(b)(1)-(5). *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n. 11, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988) (party may not use the broad 'any other reason' clause of 60(b) if motion is based on grounds specified in clauses (1)-(5)); *In re Gledhill*, 76 F.3d 1070, 1080 (10th Cir. 1996) (clause (b)(6) is restricted to reasons other than those enumerated in the previous five clauses); *see also* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2864, at 362 (2d ed. 1995) (noting that relief under the various clauses is mutually exclusive and "relief cannot be had under clause (6) if it would have been available under the earlier clauses").

[2] The fact that Plaintiff obtained the evidence approximately six weeks prior to the Court's ruling would also preclude relief under Rule 59 if Plaintiff's motion had been filed within the ten-day period for Rule 59(e) motions. To grant a Rule 59(e) motion based on newly discovered evidence, a court must find "that the evidence is newly discovered [and] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence." *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992). Plaintiff's newly discovered evidence was not only available at the time the Court was considering Plaintiff's Motion for Sanctions and other Relief, it was also known to Plaintiff. Under these facts, Plaintiff would not have been entitled to any relief under Rule 59(e).

B.     Misapprehension of Plaintiff's Argument Regarding the July 27, 2002 Detention

Plaintiff's motion asserts that the Court misapprehended his argument regarding how the July 27, 2002 detention violated the Stipulated Agreement. The Court has reviewed Plaintiff's original motion and brief and agrees that the Court incorrectly analyzed the July 27, 2002 detention under the provisions of the Stipulated Agreement that apply to the residents of Hobbs and not the provisions of the Stipulated Agreement that provide specific protections to the named Plaintiffs. While Plaintiff's motion for reconsideration should have been filed under Rule 59, under the circumstances of this case, justice requires that the Court reconsider its June 14, 2004 Order under Rule 60(b)(6). This reconsideration, however, must be based on the information that was before the Court at the time the June 14, 2004 Order was issued with no consideration of the new evidence submitted with Plaintiff's current motion or Plaintiff's arguments based on this new evidence.

Other than the length of the detention, the facts related to the July 27, 2002 detention of Plaintiff are essentially undisputed.[3] On July 27, 2002, at approximately 4:10 p.m., the Hobbs Police Department ("HPD") received a call that shots had been fired at the Casa Hermosa apartments. Witnesses at the scene of the shooting told Officer Jordan, who was apparently the first HPD officer on the scene, that Plaintiff, Plaintiff's brother, and a man named Jimmy Savage had been involved in a physical altercation with a man named Darnell Nelson and several of Mr. Nelson's friends. At some point during this altercation, Mr. Savage allegedly took a gun from his waist and fired two or three rounds at Mr. Nelson. The witnesses reported that Plaintiff,

---

[3] Plaintiff asserts that the length of the detention was 60 to 90 minutes while Defendant contends that the detention was approximately 30 minutes. Given the Court's determination that the detention of Plaintiff was supported by probable cause, the resolution of this factual dispute is unnecessary. For purposes of this motion, the Court will rely upon the times stated in the documents submitted by HPD, which include contemporaneous HPD computer logs, police reports, affidavits from Detective Carter and Officer Rix, and the traffic citation.

Plaintiff's brother, and Mr. Savage, all of whom are black males, departed the scene in a green SUV, identified as either a Chevrolet Suburban or a Chevrolet Tahoe.

Officer Rix was on patrol when she heard over her radio that three black males believed to be involved in a shooting incident at Casa Hermosa apartments had departed the scene in a green Chevrolet SUV. Officer Rix immediately began searching the area surrounding the Casa Hermosa apartments for such a vehicle. A few minutes later, Officer Rix spotted a green Chevrolet SUV being driven by a black male with a black male passenger. At 4:35 p.m., Officer Rix stopped the vehicle and determined that it was occupied by Plaintiff and his brother. Sargent Cooley instructed Officer Rix to "hold on" to Plaintiff and his brother because they may have been involved in the Casa Hermosa shooting.

Around this time, Detective Carter, who had been assigned to investigate the shooting, arrived at Casa Hermosa apartments. After securing the scene and obtaining the facts from the witnesses, Detective Carter proceeded to the traffic stop of Plaintiff, arriving at approximately 4:52 p.m. Detective Carter briefly questioned Plaintiff regarding his involvement in the Casa Hermosa incident. Plaintiff denied that he had been at the Casa Hermosa apartments and, while admitting that he knew Mr. Savage, denied that he had seen Mr. Savage that day. Detective Carter sought permission from Plaintiff to search his car for a gun. Plaintiff declined. Detective Carter departed to obtain a search warrant for Plaintiff's vehicle.

Moments later, while Detective Carter was en route to obtain the search warrant, he heard over the police radio that Mr. Savage had been seen at the Casa Hermosa apartments. Based on this information, Detective Carter radioed Officer Rix to release Plaintiff. After Plaintiff was released, he complained to Officer Rix that he had been stopped for no reason. In response, Officer Rix said something like "I can fix that" and issued Plaintiff a citation for careless driving at

approximately 5:05 p.m.. Plaintiff signed the traffic citation and departed the scene of the stop. The traffic citation was later dismissed by the traffic court.

Plaintiff contends that the July 27, 2002 detention violated Section XII(A)(2) of the Stipulated Agreement. Section XII(A)(2) prohibits HPD from subjecting a named Plaintiff to a *Terry* detention unless the officer has a "reasonable, articulable suspicion that the Plaintiff has committed or is about to commit a crime." Stipulated Agreement, § XII(A)(2). Defendant contends that the detention did not violate Section XII(A)(2) because HPD had probable cause to believe 1) that Plaintiff was involved in a physical altercation; 2) that Plaintiff was an accessory to attempted murder or manslaughter; and 3) that Plaintiff could have possession of evidence in his vehicle pertaining to the attempted murder committed by Mr. Savage. In the alternative, HPD contends that it had the requisite reasonable suspicion to detain Plaintiff. The Court need not reach HPD's alternative argument because it finds that HPD had probable cause to detain Plaintiff and, therefore, the detention did not violate Section XII(A)(2).

Probable cause exists "where facts and circumstances within an officer's knowledge and of which he had reasonably trustworthy information are sufficient to warrant a prudent man in believing that an offense has been or is being committed." *Karr v. Smith*, 774 F.2d 1029, 1031 (10th Cir. 1985). Under the "fellow officer" rule, "probable cause is to be determined by the courts on the basis of the collective information of the police involved in the arrest, rather than exclusively on the extent of the knowledge of the particular officer who may actually make the arrest." *U.S. v. Troutman*, 458 F.2d 217, 220 (10th Cir. 1972). At the time Officer Rix stopped Plaintiff, she knew that a vehicle matching the description of Plaintiff's vehicle and occupied by three black males had been seen fleeing the scene of a shooting approximately fifteen minutes prior. Plaintiff's vehicle matched the description of the suspect vehicle, was occupied by at least

two black males, and was in the vicinity of the shooting.  This information is sufficient to provide reasonable suspicion, if not probable cause, to stop the vehicle.  *See United States v. Miller*, 532 F.2d 1335, 1337-38 (10th Cir. 1976) ("The cases hold that a general description of either the getaway car or the suspects is a sufficient basis for the existence of probable cause.").

Upon stopping the vehicle, Officer Rix determined that the vehicle was occupied by Plaintiff and his brother and radioed this information to dispatch.  Sargent Cooley immediately instructed Officer Rix to "hold on" to Plaintiff and his brother because they may have been involved in the Casa Hermosa shooting.  At this time, HPD knew that eyewitnesses to the shooting incident had identified Plaintiff by name as a person involved in the altercation leading up to the shooting and had asserted that the alleged shooter, Plaintiff, and Plaintiff's brother had fled from the scene in a green Chevrolet SUV.  An eyewitnesses' credible identification of a person who committed a crime can be sufficient to establish probable cause.  *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1444 (9th Cir. 1991) (a statement from a witness of a crime can, standing alone, establish probable cause if it furnishes reliable "facts sufficiently detailed to cause a reasonable person to believe a crime had been committed and the named suspect was the perpetrator") (internal citation and quotation marks omitted); *Gerald M. v. Conneely*, 858 F.2d 378, 381 (7th Cir. 1988) (probable cause exists when an officer has received information from an eyewitness who it seems reasonable to believe is telling the truth).  Nothing in the record suggest that HPD had any reason to believe that the citizen eyewitnesses to the shooting were lying, did not accurately describe what they had seen, or were mistaken regarding their recollection of the incident.  Furthermore, the testimony of the citizen witnesses was corroborated.  Plaintiff was stopped near the scene of the shooting, driving the vehicle described by witnesses, and accompanied by his brother.  This information is reasonably trustworthy and sufficient to warrant

a prudent person to believe that an offense has been or is being committed. Based on all of the information in its possession, HPD had probable cause to arrest Plaintiff at that time.

As there was probable cause to arrest Plaintiff, his detention could not constitute an improper *Terry* detention.[4] *See Florida v. Royer*, 460 U.S. 491, 507, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983) (the existence of probable cause to arrest is a defense to plaintiff's claim that he was subject to illegal *Terry* stop). Consequently, the July 27, 2002 detention of Plaintiff did not violate Section XII(A)(2) of the Stipulated Agreement.[5]

Plaintiff also asserts that the conditions of the detention exceeded the scope of a permissible investigative stop and constituted a de facto arrest requiring probable cause because he was detained in his car, with the engine and air conditioning off, in temperatures exceeding 100 degrees. Plaintiff's complaints regarding the conditions of the detention are unavailing. First, as discussed above, HPD had probable cause to arrest Plaintiff. Second, Officer Rix submitted an affidavit stating that it is her habit and practice to permit drivers to start the engine of their car and turn on the air conditioner under similar circumstances and that had Plaintiff so requested, she would have allowed him to start the engine and turn on his air conditioner. Plaintiff contends that he never requested permission to start the engine so that he could have air conditioning because

---

[4] It is unclear from the record if HPD believed at the time that it had probable cause to arrest Plaintiff. The fact that HPD may not have believed it had probable cause to arrest Plaintiff and proceeded on a *Terry*-stop rationale does not foreclose HPD from justifying Plaintiff's detention by proving probable cause. *See Royer*, 460 U.S. at 507 (the fact that police officers did not believe there was probable cause and proceeded on a consensual or *Terry*-stop rationale did not foreclose the state from justifying plaintiff's custody by proving probable cause); *United States v. Davis*, 197 F.3d 1048, 1051 (10th Cir. 1999) ("Probable cause is measured against an objective standard . . . [t]he subjective belief of an individual officer as to whether there is probable cause for making an arrest is not dispositive.").

[5] The fact that HPD ultimately released Plaintiff and did not bring any charges related to the shooting incident does not change this determination. Releasing Plaintiff, and terminating the investigation of a crime, while perplexing, was within HPD's discretion.

he "felt it was best to comply with what I was told to do." The record reveals that Plaintiff was very vocal in expressing his displeasure about the stop and HPD. Thus, it seems unlikely that Plaintiff would have felt that he could not ask to turn on his air conditioning.

Next, Plaintiff contends that the careless driving citation issued by Officer Rix, which was later dismissed by the traffic court, was a retaliatory action for his complaining about the stop. Even assuming this is true, Plaintiff has not identified any provision of the Stipulated Agreement violated by Officer Rix's actions.

Lastly, Plaintiff's motion seeks to have the Court reconsider its findings regarding HPD's investigation of the July 27, 2002 detention based on Plaintiff's newly submitted evidence. As discussed above, Plaintiff's newly submitted evidence cannot be considered by the Court and, consequently, there is no basis for the Court to revisit its findings regarding HPD's investigation of the July 27, 2002 detention.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Lamond Alexander's Motion for Relief Under Rule 60(B)(2) and/or for Reconsideration, filed July 6, 2004, **[Doc. No. 199]** is **DENIED**.

Dated this 18th day of May, 2005.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiffs:
    Richard Rosenstock, Esq.
    Daniel Yohalem, Esq.

Attorney for Defendant:
    Josh A. Harris, Esq.